UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

THOMAS STEVEN HARRISON, JR., #352171,

    Petitioner,

v.                                          ACTION NO.
                                                  2:09cv18

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c)(1) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

Petitioner Thomas Steven Harrison, Jr., a Virginia inmate proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his November 14, 2005 convictions by the Circuit Court for the City of Virginia Beach for distribution of cocaine and distribution of cocaine on school property. Harrison was sentenced to nine years and three years respectively, and the sentences were to run concurrently. Harrison did not file a direct appeal of his convictions.

Harrison filed a habeas petition in the Circuit Court for the City of Virginia Beach in May 2006, which was dismissed on August 1, 2006. Harrison did not appeal the dismissal to the Supreme

Court of Virginia. In October 2008, Harrison filed a petition for writ of habeas corpus in the Supreme Court of Virginia, which was dismissed as successive and untimely on November 5, 2008. See Virginia Code §§ 8.01-654(A)(2) and 8.01-654(B)(2).

Harrison, presently in the custody of the Virginia Department of Corrections at the Baskerville Correctional Center in Baskerville, Virginia, filed this federal habeas petition on January 12, 2009. Harrison asserts he is entitled to relief under 28 U.S.C. § 2254 because he was denied the effective assistance of appellate counsel due to counsel's failure to perfect an appeal. On April 2, 2009, the Respondent filed a Rule 5 Answer and Motion to Dismiss. Harrison filed his response to the Motion to Dismiss on May 5, 2009. Accordingly, this matter is now ripe for adjudication.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Exhaustion

Harrison's ineffective assistance of counsel claim has been exhausted. See 28 U.S.C. § 2254(b) (2000). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D.Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). Harrison presented his ineffective assistance of counsel claim to the Supreme Court of Virginia in his state habeas petition. Therefore, the claim is exhausted.

2

**B. Statute of Limitations**

However, Harrison's claim is barred by the statute of limitations. The statute of limitations for actions under 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . .

Harrison failed to note an appeal of his November 14, 2005 convictions within thirty days. See Rule 5A:6, Rules of the Supreme Court of Virginia. Therefore, his convictions became final on December 14, 2005, and the one-year federal statute of limitations began to run.

Even accounting for the tolling of the federal limitations period during the pendency of Harrison's first state habeas petition, Harrison did not timely file his federal petition. Under 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled during the time that a properly filed petition for state collateral review is pending. Harrison executed a habeas petition on May 15, 2006,[1] which was filed with the Circuit Court for the City of Virginia Beach, pausing the limitations clock after five months had expired.[2] While 28 U.S.C. § 2244(d)(2) pauses the clock during a pending state

---

[1] Harrison signed the petition on May 1, 2006, and signed the In Forma Pauperis Affidavit (on the same page) on May 15, with no year indicated. The Court will assume the petition was completed and given to prison officials to mail on May 15, 2006.

[2] The prison mailbox rule established in Houston v. Lack, 487 U.S. 266 (1988), has not explicitly been extended to applications for collateral review. The Fourth Circuit Court of Appeals has reserved that question. See United States v. Torres, 211 F.3d 836, 837 n.3 (4th Cir. 2000). However, the rationale behind the holding in Houston, that prisoners "file" an appeal when they deliver it to prison officials for mailing because a pro se prisoner has no choice but to entrust the forwarding of his documents to prison authorities whom he cannot control and who may have incentive to delay, is an appropriate consideration in petitions for collateral review. For purposes

collateral review, it does not reset the clock. See Harris, 209 F.3d at 327. On August 1, 2006, the Circuit Court for the City of Virginia Beach dismissed Harrison's petition and the clock began to run again on the seven months left under the federal statute of limitations.[3] Harrison had until approximately March 1, 2007 to file his federal habeas petition. Harrison did not file this petition until January 12, 2009. Therefore, Harrison's claims are barred by the statute of limitations unless he is entitled to equitable tolling.

Equitable tolling of the statute of limitations is "reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). A petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. at 418 (citing Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990)); see also Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).

Harrison asserts his counsel "failed to file an appeal after being instructed by petitioner and representatives of petitioner to file an appeal in a timely manner." (Pet. Resp. at 2.) Harrison further argues, "[i]t was not until petitioner's fiancee contacted counsel on March 11, 2008, that it was discovered that counsel had not filed an appeal." Id. at 4. However, Harrison filed a petition for

---

of establishing a filing date for this petition, the court DEEMS the petition to have been filed on May 15, 2006.

[3] Harrison's petition for writ of habeas corpus in the Supreme Court of Virginia did not toll the federal statute of limitations. The petition was successive and untimely, therefore, not "properly filed." See Pace v. Diguglielmo, 544 U.S. 408, 413 (2005). Further, the petition was not filed until October 20, 2008, over ten months after the federal statute of limitations expired.

writ of habeas corpus in the Circuit Court for the City of Virginia Beach in May 2006 in which he represented that he had not appealed his convictions. (Resp. Ex. B at 2.) Further, he did not raise an ineffective assistance of counsel claim in the habeas petition filed in Circuit Court. Id. Instead, Harrison waited until October 2008, when he filed his habeas petition in the Supreme Court of Virginia, to assert his counsel was ineffective for failing to file a direct appeal. (Resp. Ex. D, Memo. at 2.)

Assuming Harrison's counsel was ineffective for not filing a direct appeal, Harrison's lack of reasonable diligence in pursuing an appeal bars the application of equitable tolling to the federal limitations period. See Valverde v. Stinson, 224 F.3d 129, 134 (2nd Cir. 2000). Petitioner must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Id.

Harrison was aware in 2006 when he filed his habeas petition in Circuit Court that his convictions had not been appealed. Despite this, Harrison waited over two years to file his petition in the Supreme Court of Virginia raising this issue. During those two years, the period for filing a timely petition for writ of habeas corpus in federal court expired. Moreover, Harrison did not use reasonable diligence in failing to include his ineffective assistance of counsel claim when he filed his first habeas petition in Circuit Court. See Warren v. Kelly, 207 F. Supp.2d 6, 10 (E.D.N.Y. 2002) (holding petitioner did not act with the diligence necessary to receive equitable tolling where appellate counsel failed to inform petitioner of the disposition of his appeal, and petitioner waited over one year from the disposition to file a habeas petition). Therefore, the petition is barred by the statute of limitations, and the Court will not address the merits of the claims.

5

## III. RECOMMENDATION

For the foregoing reasons, the Court recommends the petition for writ of habeas corpus be DENIED as barred by the statute of limitations, and the respondent's motion to dismiss be GRANTED.

Furthermore, Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this

court based upon such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
August 5, 2009

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Thomas Steven Harrison, Jr., #352171
Baskerville Correctional Unit #4
4150 Hayes Mill Rd.
Baskerville, VA 23915

Joanne Virginia Frye, Esq.
Office of Attorney General
900 East Main Street
Richmond, VA 23219

Fernando Galindo, Clerk

By _____
Clerk of the Court
August 5, 2009